# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AARON J. DURHAM,

    Plaintiff,

vs.                                                                 No. CIV 08-0201 JB/ACT

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States of America's Motion to Dismiss, filed May 20, 2008 (Doc. 9). The Court held a hearing on December 30, 2008. Plaintiff Aaron J. Durham, who filed this action pro se, did not appear at the hearing, either personally or through counsel.[1] Durham has also not filed a response to the motion to dismiss, but the deadline for a response is long past and the Court believes that it can fairly decide the motion to dismiss without a response. The primary issue is whether the Court has subject-matter jurisdiction over this case given Durham's failure to exhaust administrative remedies. Because a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, must first be directed at the relevant agency, and exhaustion of this requirement is a jurisdictional prerequisite, the Court will grant the motion and dismiss the case.

Under FOIA, unless an exception applies, an agency is required to produce records upon

---

[1] The Court does not have a telephone number for Durham to contact him. While the Court has an address for Durham, it does not appear to be a valid one any longer. The Court's mail to Durham has been returned. See Mail Returned, filed December 22 and 29, 2008 (Docs. 26 & 27). The United States notes that its mail sent to Durham's address of record has also been returned, but represents that some earlier mail, including the United States' motion to dismiss, was not returned. In any case, it is Durham's responsibility, even as a pro se party, to keep the Court apprised of current addresses and telephone numbers.

receipt of a request that "reasonably describes such records," id. § 552(a)(3)(A)(i), if the request "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed," id. § 552(a)(3)(A)(ii).  Federal courts may "order the production of any agency records improperly withheld from the complainant." Id. § 552(a)(4)(B) (emphasis added).  After receipt of a request, an agency must "determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request . . . of the right of such person to appeal to the head of the agency any adverse determination." Id. § 552(a)(6)(A)(i).  "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection." Id. § 552(a)(6)(A)(ii).  As this statutory structure indicates, FOIA contemplates that requests for agency records will first go to the agencies that possess the sought-after records.  Only once the documents are "improperly withheld," id. § 552(a)(4)(B), or the twenty-day time for an agency response passes, does FOIA provide for court action.

Numerous courts of appeal have interpreted FOIA to require plaintiffs to follow these administrative procedures before turning to the federal courts to enforce their requests, holding that a failure to exhaust administrative remedies means that a federal court lacks subject-matter jurisdiction.  The United States Court of Appeals for the Ninth Circuit, for example, held: "Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." In re Steele, 799 F.2d 461, 466 (9th Cir. 1986).  As the United States Court of Appeals for the District of Columbia puts the issue: "It goes without saying that exhaustion of remedies is required in FOIA cases." Dettmann v. U.S. Dep't of Justice, 802 F.2d 1472, 1476 (D.C. Cir. 1986).  Other courts of appeals have reached similar results. See, e.g., Taylor v. Appleton, 30 F.3d 1365, 1367-68, 1370 (11th Cir. 1994)(holding that courts lack

subject-matter jurisdiction where plaintiff failed to exhaust administrative remedies under FOIA); McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993)(upholding district court's finding it lacked subject-matter jurisdiction over unexhausted FOIA requests); Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979)("We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review."). The Court is not aware of any contrary decision.

While the United States Court of Appeals for the Tenth Circuit has not addressed FOIA's exhaustion requirement in any published opinions, unpublished opinions have recognized that exhaustion of administrative remedies is required before a plaintiff seeks relief in federal court. See Roberts v. Paulson, 263 Fed.Appx. 745, 747-48 (10th Cir. 2008)(affirming dismissal of FOIA claim for failure to exhaust); Scherer v. United States Dep't of Educ., 78 Fed.Appx. 687, 690 (10th Cir. 2003)(same). Those district courts in the Tenth Circuit that have considered the issue have also concluded that a plaintiff's failure to exhaust administrative remedies is a jurisdictional defect. See, e.g., Barvick v. Cisneros, 941 F.Supp. 1015, 1018 n.3 (D.Kan. 1996)("A court lacks subject matter jurisdiction and must dismiss a FOIA claim if the plaintiff has failed to exhaust administrative remedies."); Trenerry v. I.R.S., 1994 WL 714063 at *3 (N.D.Okla.)(same). In sum, the language of FOIA and the overwhelming weight of case law indicate that a federal court does not have subject-matter jurisdiction unless the plaintiff has exhausted administrative remedies.

Durham's FOIA Complaint bears no indication that Durham pursued his FOIA request before filing a suit in this Court. See Freedom of Information Act Request, filed February 26, 2008 (Doc. 1). Indeed, his request seems to be an original request for records from a variety of agencies under the purview of the Departments of Justice, Homeland Security, and Health and Human Services. See id. at 1. Moreover, the United States represents that Durham did not request the

documents from the agencies before filing his Complaint.  See Defendant's Memorandum in Support of It's [sic] Motion to Dismiss in Lieu of an Answer at 3, filed May 20, 2008 (Doc. 10). Because Durham has not brought his requests to the attention of the relevant agencies, the Court lacks subject-matter jurisdiction over the case.  Although the United States sought dismissal with prejudice in its motion, the Court believes -- and the United States concurred at the hearing -- that dismissal without prejudice is appropriate when the grounds for dismissal is a lack of jurisdiction.

**IT IS ORDERED** that the United States of America's Motion to Dismiss is granted.  The Court will dismiss this case without prejudice.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Aaron J. Durham
Albuquerque, New Mexico

     *Plaintiff Pro Se*

Gregory J. Fouratt
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Defendant*